LAW OFFICE OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
*bschwam@sbcglobal.net*
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA VELZY, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT** |
| v. | |
| RELIANCE STANDARD INSURANCE COMPANY, | **[29 U.S.C. Section 1132]** |
| Defendants. | |

Plaintiff, DIANA VELZY (hereinafter referred to as "Plaintiff"), complains of Defendant RELIANCE STANDARD INSURANCE COMPANY (hereinafter referred to as "Reliance" or "Defendant") as follows:

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee welfare benefit plan regulated and governed under ERISA. Jurisdiction is predicated under

these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about August 4, 2017, at which time she was informed that Reliance had denied Plaintiff's appeal of the denial of her long term disability benefits.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the Reliance Long Term Disability Plan ("Plan/Policy") is an employee welfare benefit plan established and maintained by Plaintiff's employer, Gallagher Bassett Services (a division of Arthur J. Gallagher & Co.) (hereafter referred to as "Gallagher") to provide its employees with group long term disability benefits ("LTD"), to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Ventura County, residing within the Central District of the State of California.

7. On information and belief, Reliance insures the LTD plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 58 (DOB 4/25/59), was employed by Gallagher as a senior claims examiner. Plaintiff worked for Gallagher one year until she became disabled on or about August 13, 2013.

2

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

9. Plaintiff's job involved management duties, including, but not limited to, training clerical staff, sitting at a computer for eight hours per day; answering telephones, dealing with employer issues related to paying claim benefits, testifying at trial, claim settlement negotiations and file clerk duties, requiring lifting and carrying 20 pounds or more, bending, stooping and standing. This job required great concentration and attention to detail.

10. Plaintiff first became disabled on or about August 13, 2013 due to a multitude of physical problems, including, but not limited to, cervicalgia, multilevel disc bulges at C5-6 and C6-7, musculoligamentous sprain/strain to thoracic spine, lumbar disc bulges, multilevel at L3-S1, lumbar radiculopathy, cubital tunnel syndrome right elbow, tendonitis right shoulder, bursitis left shoulder, left side Bells Palsy secondary to psychological stress, hypersensitivity to sound, left ear, hyperlipidemia, and sleep disorder.

All of these conditions unequivocally establish that Plaintiff cannot work in any occupation for which she is reasonably suited.

11. An insured is disabled under the Reliance Plan after benefits have been paid for 24 months as defined below. The Reliance Disability Plan/Policy under which Plaintiff was covered states:

> "After a monthly benefit has been paid for 24 months, an insured cannot perform the material duties of any occupation". "Any occupation" means an occupation normally performed in the national economy for which an insured is reasonably suited based upon his/her education, training or experience."

12. Since Plaintiff was paid LTD benefits for 24 months under the definition of her own occupation, the above definition stated in Paragraph 11 applies to this case.

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

13. Reliance denied Plaintiff's LTD benefits without considering Dr. Tirck's reports regarding Plaintiff's inability to perform work in any occupation. Further, Reliance provided no explanation on how their definition of disability was different from the Social Security Administration's definition which is more stringent than the Reliance definition, and for which Plaintiff was awarded SSDI benefits.

In addition, the initial claim denial was not based on any medical evidence. The last second exam report was never provided along with other selective disclosures.

Reliance ignored objective evidence of multiple disc bulges and never discussed Dr. Pietruszka's reports which continued Plaintiff's disability.

Moreover, and especially egregious, was the fact that Plaintiff agreed to undergo a defense medical exam, even though the exam was scheduled after the 90 day appeal period. Reliance failed to send Plaintiff a copy of the "so-called IME Report" of their retained physician, Dr. Samir Shahin, until after they made a decision of Plaintiff's appeal, thus cutting off Plaintiff's right to have her treating physician comment on Dr. Shahin's report which, in any event, lacks credibility. Reliance is in clear violation of the holding in Salomaa v. Honda LTD Plan, 642 F. 3d 666 (9th Cir. 2011) which provides that it is a requirement, under ERISA, for a plan administrator to provide and furnish to a claimant all documents, records, and other information relevant for benefits to the claimant. The Salomaa court went on to state that a physician's evaluation provided to the plan administrator falls specifically within the disclosure requirements.

Based on the violation of the disclosure requirements set forth in the Salomaa case, Defendants should be precluded from offering Dr. Shahin's report to the administrative record, or in the alternative, Plaintiff should be permitted to augment the administrative record by including her doctors' comments to the IME Report.

4

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

Defendants' findings that Plaintiff can perform in any occupation lacks credibility.

14. Defendant denied Plaintiff's long term disability benefits on 9/27/16.

15. Plaintiff appealed the denial on 3/7/17 and the appeal was denied on 8/14/17. Therefore, all administrative remedies have been exhausted.

## FIRST CLAIM FOR RELIEF

### For Damages and Benefits Against Defendant METLIFE

### (Pursuant to 29 U.S.C. Section 1132(a)(1))

16. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

17. Plaintiff contends that whether or not there is discretionary language in the Plan, the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

18. As a direct and proximate result of Reliance's wrongful denial of LTD benefits, Plaintiff contends that Reliance has breached the contract by not paying monthly LTD benefits, payable at a rate of $1,714.20 per month after SSDI offset from October 2016 to the present and continuing, less any other appropriate offsets.

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

19. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for long term disability benefits payable at the rate of $1,714.20 per month, including appropriate offsets, from October 2016 and continuing in the future;

2. Defendants should be precluded from offering Dr. Shahin's report to the administrative record or, in the alternative, Plaintiff should be permitted to augment the administrative record with comments from her treating physicians regarding the IME Report of Dr. Shahin;

3. Interest on said amounts in accordance with law;

4. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

5. For any further relief that the court deems reasonable and just.

DATED: March 5, 2018        LAW OFFICE OF BERNARD R. SCHWAM

By: /s/ Bernard R. Schwam
    BERNARD R. SCHWAM
    ATTORNEY FOR PLAINTIFF
    DIANA VELZY

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**